**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------------------x**
**UNITED STATES OF AMERICA,**

                          **Plaintiff,**

        **- against -**

**GARY BOGLE,**

                        **Defendant.**
**------------------------------------------------------------x**

                             **MEMORANDUM AND ORDER**

                           **07 CR 241 (NG) (RML)**

**GERSHON, United States District Judge:**

Defendant Gary Bogle has been charged with one count of possessing a firearm and one count of possessing ammunition, having previously been convicted of three separate felonies or serious drug offenses, and with one count of possessing body armor, having previously been convicted of a crime of violence. This order memorializes the court's findings of fact and conclusions of law following a hearing held February 6, 2009, on defendant's motion to suppress statements made to the government by the defendant during a proffer session. The defendant argues that statements made at that proffer session, which occurred on March 5, 2008, should be suppressed on the ground that he did not enter into the proffer agreement knowingly and voluntarily; rather, he argues, he was informed by his then-attorney, Barry Turner, Esq., that, if he made any proffer statements to the government, he would receive a sentence of probation.

Following submission of briefing on the motion, the court granted the government's request that, prior to any hearing, the defendant be required to submit a sworn affidavit affirming the alleged circumstances surrounding his signing of the proffer agreement. Notably, although the defendant submitted a statement which was signed "Gary Bogle Without Prejudice," the statement was not submitted under the penalty of perjury, and, at the February 6th hearing, the

1

defendant elected not to affirm his statement under oath. Nonetheless, because the government's witness, Mr. Turner, was present in the courtroom, the government asked to offer evidence, and the court allowed the hearing to go forward.

A proffer agreement, dated March 5, 2008, signed by the defendant and Mr. Turner, was received in evidence. The proffer agreement explicitly states in bold lettering that it "is not a cooperation agreement." It further provides,

> By receiving the Client's proffer, the Office does not agree to confer immunity, make a motion on Client's behalf, or enter into a cooperation agreement, plea agreement or non-prosecution agreement. The Office makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

The proffer agreement also states that no "understandings, promises, or agreements" have been entered into other than those set forth in the agreement.

At the hearing, Mr. Turner testified to the circumstances surrounding the proffer session. The defense offered no witnesses. The court has concluded that the testimony of Mr. Turner was entirely candid and credible, and now makes the following findings.

Mr. Turner is a highly experienced criminal defense attorney who, at the time of the defendant's proffer, had been involved in at least 100 proffer sessions with the government in the course of his representation of other clients and had represented the defendant for approximately five years on multiple matters until he was relieved by the defendant during the pendency of this case. Prior to the proffer session, Mr. Turner explained to the defendant that "he would be asked questions about the specific facts of his own arrest and the events leading up to his own arrest and his own indictment and charges against him in connection with this case." At the time of the proffer session, Mr. Turner also informed the defendant that his proffer statements could be used against him by the government in a variety of ways should those statements be contradicted by

2

the defense at trial. Mr. Turner explained the proffer agreement in detail, conducting a paragraph-by-paragraph review of the proffer agreement with the defendant and making clear "what the effects of the proffer agreement were and what the proffer agreement contained." Mr. Turner never told the defendant that he would receive probation as a result of proffering with the government. Mr. Turner also explained that the proffer agreement was not a cooperation agreement. Further, Mr. Turner emphasized that, even if the defendant received a cooperation agreement from the government, there were no guarantees of a particular sentence and any sentence would be determined by the court.

Also present at the proffer session were Assistant United States Attorneys James Gatta and Morris Fodeman and an agent from the Federal Bureau of Investigation. Mr. Fodeman gave the defendant instructions concerning the meaning of the proffer agreement. Neither Mr. Gatta nor Mr. Fodeman promised Mr. Bogle a cooperation agreement or any particular sentence.

Based upon the explanations given to the defendant and Mr. Turner's extensive experience and familiarity with the defendant, Mr. Turner believed the defendant "understood the proffer process."

As a general rule, statements made in the course of plea discussions between the defense and the government are not admissible evidence pursuant to Rule 410 of the Federal Rules of Evidence. However, where a defendant "knowingly and voluntarily" enters into an agreement waiving the rights granted by Rule 410 of the Federal Rules of Evidence, the government may use the statements of the defendant pursuant to the terms of the agreement. United States v. Barrow, 400 F.3d 109, 116-17 (2d Cir. 2005). As the Second Circuit stated in United States v. Velez,

A waiver is made knowingly if the defendant has a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it, and it is voluntary if it is the product of a free and a deliberate choice rather than intimidation, coercion, or deception.

354 F.3d 190, 196 (2d Cir. 2004) (internal quotations omitted). Here, I conclude that the government overwhelmingly met its burden to show that the defendant signed the proffer agreement voluntarily rather than because of "intimidation, coercion, or deception." The dispute raised is whether he had a "full awareness" of the "right being abandoned and the consequences of the decision to abandon it." The uncontroverted and thoroughly credible testimony of Mr. Turner demonstrates that the defendant was aware of the consequences of signing the proffer agreement and making statements to the government concerning the facts related to the charges against him in this case. His waiver was knowing and voluntary and not based on any belief that he was being promised a probationary sentence in exchange for his statements. Therefore, the defendant's motion to suppress the statements made at the proffer session is denied.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated:   March 6, 2009
         Brooklyn, New York